In the Matter of VIRGINIA FITZGERALD, Appellant, v JOHN FITZGER-

ALD, Respondent.—Appeal from an order of the Family Court of Schenectady County, entered April 24, 1978, which modified petitioner's visitation privileges with her son. Petitioner and respondent were divorced in 1972 with petitioner being awarded custody of the couple's two daughters and respondent being awarded custody of their son. Pursuant to a visitation order dated November 26, 1976, respondent was to bring the son to petitioner one weekend each month for visitation purposes. By petition filed in September of 1977, petitioner alleged that respondent had willfully failed to obey the order of visitation. Respondent, who now lives in Connecticut, submitted an affidavit indicating that financial problems prevented him from complying with the order and requesting that it be modified. The Family Court found that the respondent did not willfully violate the visitation order and modified it so as to require respondent to bring the son to petitioner for weekend visitation only four times a year. Petitioner appeals, claiming that the Family Court exceeded its authority by modifying her visitation privileges where there was no petition for modification before the court. CPLR 2001 allows a court to correct procedural irregularities where a substantial right of a party is not prejudiced (see 12 Weinstein-Korn-Miller, NY Civ Prac, § 13.06, subd 1). In the instant proceeding, petitioner was not prejudiced by respondent's failure to file a petition for modification of visitation since that relief was requested in respondent's affidavit and a hearing was held. Accordingly, it was within the Family Court's discretion to modify petitioner's visitation rights and the order to that effect must be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.