■ In the Matter of THEODORE D. FRACZEK, Appellant, v MONIQUE N. SYCZYK, Respondent. [748 NYS2d 800] —Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered November 3, 2000, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for a modification of custody.

The parties, who never married or lived together, are the parents of a son born in October 1995. Since the birth of the child, the parties have litigated numerous issues concerning

his care and custody.* The current controversy arose when respondent decided to relocate for employment purposes from the City of Saratoga Springs, Saratoga County, to the Town of Rhinebeck, Dutchess County, a distance of approximately 100 miles. In response, petitioner sought, inter alia, to have custody changed from respondent to him. Family Court determined, after reviewing the extensive file generated by the parties' various disputes, that it was in the best interest of the child to maintain custody with respondent. The court further stated that, despite the relocation, petitioner's total visitation time with the child should not be diminished. A conference was conducted by the court with the parties' attorneys and the Law Guardian in an effort to arrive at an agreement rearranging petitioner's visitation consistent with the best interest of the child and addressing the issues implicated by respondent's relocation. Family Court eventually issued an order incorporating some terms upon which the attorneys had agreed and resolving the remaining disputed issues. Petitioner appeals.

Petitioner contends that Family Court erred in not conducting an evidentiary hearing regarding his application for a change of custody. Family Court stated that it had reviewed and considered the parties' file, generated by many prior proceedings, which incorporated, inter alia, a detailed decision by a Judicial Hearing Officer following a custody hearing held approximately one year earlier, psychological evaluations of the parties, various reports regarding the child and testimony from experts as well as other individuals. It is apparent that Family Court possessed an abundance of information upon which to comprehensively consider whether a change of custody was in the best interest of the child and, accordingly, it was not required to conduct a hearing under the prevailing circumstances (see Skidelsky v Skidelsky, 279 AD2d 356; Matter of Shabazz v Blackmon, 274 AD2d 770, 771, lv dismissed 95 NY2d 945). Petitioner's further contention that an evidentiary hearing was necessary regarding the modification of visitation is similarly unpersuasive in light of the fact that Family Court reviewed adequate information to render an informed decision on such issue consistent with the best interest of the child (see Matter of Bogdan v Bogdan, 291 AD2d 909; Matter of Vangas v Ladas, 259 AD2d 755, 755-756).

The remaining arguments have been considered and found meritless.

---

* An obviously exasperated Judicial Hearing Officer referred to the parties' disputes in one decision as "everlasting and never-ending," and further commented that "there has been on-going litigation in this Court involving various and sundry disputes on every imaginable issue."

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.