■ In the Matter of HAIYAN S. SOMERVILLE, Respondent-Appellant, v THEODORE E. SOMERVILLE, Appellant-Respondent. (And Another Related Proceeding.) [761 NYS2d 747] —Crew III, J. (1) Cross appeals from an order of the Family Court of Columbia County (Czajka, J.), entered July 2, 2001, which, inter alia, dismissed the parties' applications, in two proceedings pursuant to Family Ct Act article 6, for sole legal custody of the parties' child, and (2) appeal from an order of said court, entered December 13, 2001, which, inter alia, rejected respondent's interpretation of the July 2, 2001 order upon petitioner's motion to resettle.

The parties married in February 1999 and are the biological parents of a daughter (born in January 2000).[1] Marital difficulties developed during the summer of 2000, as a result of which petitioner and the child visited petitioner's family in China for a period of time. Petitioner returned to and ultimately left the marital residence in September 2000 and, the following month, the parties cross-petitioned for sole custody of the child. Following a series of hearings, Family Court, by order entered July 2, 2001, rejected the parties' respective applications for sole legal custody of the child. As to physical custody, Family Court ordered that "the child shall reside with [respondent] on those days on which [petitioner] is working and on those nights

---

1. Each party also has a child from a prior marriage.

between [petitioner's] days of work, and in no case fewer than three (3) nights per week and on at least one (1) weekend per month; and that the child shall reside with [petitioner] at all other times."

Almost immediately, the parties adopted competing interpretations of the July 2001 order, prompting a series of violation and modification petitions. Ultimately, the Law Guardian moved to dismiss the petitions as duplicative in light of respondent's commencement of a matrimonial action in Supreme Court wherein he requested that Supreme Court revisit the issues of custody and visitation.[2] Family Court acknowledged the lack of clarity in the July 2001 order and declined jurisdiction over the modification and violation petitions in view of the pending matrimonial action. Petitioner accepted Family Court's subsequent invitation to resettle the July 2001 order and, by order entered December 13, 2001, Family Court adhered to the terms of the July 2001 order, concluding that such order was "unambiguous and not subject to any misinterpretation." The parties now cross-appeal from the July 2001 order and respondent appeals from the December 2001 order.

As a starting point, we reject petitioner's assertion that Family Court's decision to "modify," pursuant to the provisions of the July 2001 order, the prior custodial arrangement between the parties was erroneous given that respondent failed to demonstrate the requisite change in circumstances. The record makes clear that there was no custody arrangement between the parties prior to the commencement of these proceedings and whatever orders Family Court issued prior to its July 2001 order provided only pendente lite relief. Hence, as there was no order or agreement with regard to custody at the time these proceedings were commenced, the "sufficient change in circumstances" analysis does not apply (see Matter of Jiminez v Jiminez, 301 AD2d 971, 972 [2003]).

Turning to the merits, even a cursory review of Family Court's July 2001 order reveals that the provisions thereof fail to adequately set forth the custodial rights of the parties and/or establish a clear and consistent visitation schedule. Although Family Court declined to award either party sole legal custody of the child, it nonetheless failed to expressly grant the parties joint legal custody and/or delineate the reasons why it concluded that joint custody was in fact a viable alternative.

---

2. There is nothing in the record to suggest that this action has reached conclusion or that any order regarding custody has been issued by Supreme Court.

As the record before us is sufficiently developed to permit intelligent appellate review of this issue, we need not remit for such findings.

In this regard, although the record plainly reflects the parties' apparent disdain for one another, it does not establish that petitioner and respondent are so embattled and embittered that they cannot communicate in a reasonable and harmonious fashion for the benefit of their child (*see Matter of Thompson v Thompson*, 267 AD2d 516, 518 [1999]). This lack of proof, coupled with the evaluation prepared by psychologist James Thalmann, is sufficient to support an award of joint custody. Notably, although not expressly recommending joint custody, Thalmann did opine that both parties should have "considerable access to the child and * * * possess[ ] substantial contributions to decision making regarding the child's development." Accordingly, Family Court's orders should be modified to clearly reflect that the parties have joint legal custody of their daughter.

Turning to the issue of the child's primary physical residence and the other parent's schedule of custodial access, it will be recalled that Family Court's July 2001 order directed that the child "reside with [respondent] on those days on which [petitioner] is working and on those nights between [petitioner's] days of work, and in no case fewer than three (3) nights per week and on at least one (1) weekend per month; and that the child shall reside with [petitioner] at all other times." As respondent correctly points out, the language employed by the court is subject to at least two interpretations. If one were to interpret the order in light of petitioner's work schedule at the time of trial, respondent would have the child five days per week and could, therefore, be viewed as having primary physical custody of the child. On the other hand, if one views respondent's custodial time as tied to and dependent upon petitioner's work schedule, which is precisely what petitioner urges, respondent's time with the child could be reduced to the minimum of three nights per week and one weekend per month set forth in the July 2001 order, which would render petitioner the primary custodial parent. Adopting the latter interpretation would result in a lack of consistent contact between respondent and his daughter, as his ability to have physical custody of the child would be dependent upon petitioner's work schedule. While it is unclear whether this is the result that Family Court intended, it is apparent that Family Court must devise a physical custodial arrangement that grants each party liberal and consistent access to the child. A liberal and consis-

tent schedule of custodial access under a court order of joint legal custody necessarily contemplates primary physical residence for the child with one parent and the provision of meaningful, specific, consistent and plainly delineated periods of physical custody for the other parent.

Given the time that has elapsed since entry of Family Court's July 2001 order and the changes that no doubt have occurred in the interim with regard to petitioner's work schedule and, perhaps, respondent's availability to assume physical custody of the child, this Court cannot fashion a revised schedule for custodial access based upon the existing record. Accordingly, we have no choice but to remit this matter to Family Court for further proceedings. Upon remittal, and in view of the confusion generated by Family Court's July 2001 order (due in some measure to the parties' respective desires to manipulate the terms thereof to his or her advantage), the court would be well advised to painstakingly detail the parties' respective rights and obligations with regard to their custodial access to their daughter. The parties' remaining contentions, including respondent's claim of bias, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the orders are modified, on the law and the facts, without costs, by reversing so much thereof as (1) failed to award either or both parties legal custody of their child and (2) set forth the periods of physical custody that petitioner and respondent would have with their child; the parties are awarded joint custody and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.