■ In the Matter of THEODORE D. FRACZEK, Appellant, v MONIQUE SYCZYK, Respondent. [785 NYS2d 762]—

Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Seibert, J.), entered November 12, 2002, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior custody order.

Simply stated, this appeal centers on the part of a custody order that addressed visitation for nine weeks of a child's summer vacation when, in fact, the vacation is generally about 10 weeks in length. Petitioner and respondent are the parents of one child (born in 1995), they have continuously litigated issues regarding the child (*see Matter of Fraczek v Syczyk*, 298 AD2d 652, 652-653 [2002]), and are currently both proceeding pro se. Family Court (Abramson, J.) set forth the parties' visitation for the child's summer vacation in a November 2000 order as follows: "both parties shall exercise four (4) weeks of summer vacation visitation with the child not to be consecutive but taken in two week periods. The Father shall be entitled to the first two weeks of July inclusive of the Fourth of July and the third and fourth weeks of August. The Mother shall have the last two weeks of July and the first two weeks of August each year. Visitation shall commence on Friday at 3:30 P.M. until the following Friday at 6:30 P.M. . . . [N]otwithstanding the summer schedule set forth herein, the Mother shall have the full week prior to the first day of school each year, inclusive of the Labor Day weekend, and following the commencement of school the regular visitation schedule shall resume." By the summer of 2001, it was evident that one week of the summer vacation had not been specifically addressed in the order. Since the summer visitation starts on a Friday and incorporates the Fourth of July, in most summers it actually begins on the last Friday of June.* In 2001, petitioner's visitation under the order was June 29 to July 13 and August 17 to 29 (the second week being cut short because school started on Wednesday, September 5 and respondent was entitled to a full week before school started). Respondent's visitation was July 13 to 27, August 3 to 17, and August 29 to September 5. However, this left no provision for the week of July 27 to August 3. Respondent took the position

---

* We note that in 2005, July 1 is a Friday and, thus, the summer schedule will start in July that year. However, as in other years, there will still be about 10 weeks to be allocated between the parties.

that this interim week should be treated as one under the non-summer visitation schedule and, thus, she would retain physical custody of the child during that week.

Petitioner filed a petition in May 2001 seeking clarification of the summer visitation schedule. At an ensuing appearance of the parties before Family Court (Abramson, J.), the court made clear that respondent's position, which essentially resulted in her having four to five consecutive weeks of visitation, was inconsistent with the language and intent of the order. A temporary order was issued in July 2001 that, among other things, split the visitation during the interim week between the two parties, with petitioner having visitation for a majority of days because his final week of summer visitation was cut short by the date that school resumed.

Thereafter, further custody disputes between the parties resulted in a trial in early 2002 and, in May 2002, Family Court (Abramson, J.) entered an order modifying the custody and visitation of the parties. However, the court overlooked the ambiguity in the summer vacation visitation schedule, adopting such schedule as it had existed in the November 2000 order. Prior to the summer of 2002, the parties again could not agree on visitation for the relevant interim week. Respondent indicated that she planned to retain custody, permitting petitioner only one three-hour dinner with the child during that week.

By order to show cause signed in June 2002, petitioner commenced the current proceeding seeking modification or enforcement of the summer visitation schedule. At the ensuing hearing and on this appeal, the Law Guardian took the position that permitting one parent physical custody of the child for four or five consecutive weeks during the summer was not in the child's best interests. Family Court (Seibert, J.), dismissed the petition upon the ground of res judicata and awarded counsel fees of $3,600 to respondent. Petitioner appeals.

We start by emphasizing that the child's best interests are paramount (*see Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]; *Matter of Rogowski v Rogowski,* 251 AD2d 827, 827 [1998]; *see also Matter of Wilson v McGlinchey,* 2 NY3d 375, 380-381 [2004]). Stability of the child's living arrangements are clearly an important component. However, this factor is considered and weighed within the context of the best interest of the child analysis and not as an aspect of res judicata, which generally does not apply in visitation and custody cases (*see Friederwitzer v Friederwitzer, supra* at 94-95; *Pander v Pander,* 1 AD3d 583, 584 [2003]; *Matter of Robb v McIntosh,* 99 AD2d

571, 571-572 [1984]). Moreover, there is no prior ruling in the record interpreting the ambiguous portion of the summer visitation schedule in the manner respondent seeks to construe it.

With regard to the disputed interim week of the summer vacation visitation, Family Court's order "fail[s] to adequately set forth the custodial rights of the parties and/or establish a clear and consistent visitation schedule" (*Matter of Somerville v Somerville*, 307 AD2d 481, 482 [2003]). It is apparent from the record and the temporary order of July 2001 that Family Court did not intend in its orders of November 2000 and May 2002 for respondent to have custody for four to five consecutive weeks during the summer and, furthermore, that splitting the interim week between the parties in a fashion similar to the July 2001 temporary order is in the child's best interests. Accordingly, petitioner's application should have been granted to the extent of clarifying the May 2002 order to provide that petitioner (the father) shall have visitation during the interim week from Friday at 6:30 P.M. to Tuesday at 6:30 P.M. and respondent (the mother) shall have visitation for the remainder of such week. Finally, under the circumstances presented herein, an award of counsel fees to respondent was not appropriate.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as dismissed petitioner's application and awarded counsel fees; petition granted to the extent that petitioner shall have visitation during the interim week from Friday at 6:30 P.M. to Tuesday at 6:30 P.M. and respondent shall have visitation for the remainder of said week; and, as so modified, affirmed.