■ In the Matter of LYLE W. PEET, Respondent, v CHARLE-NENA PARKER, Appellant. [805 NYS2d 149]—

Lahtinen, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered December 8, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify an order of visitation.

The parties are the parents of one child, a daughter, born in 1996. They had joint custody pursuant to a July 2001 order. A subsequent Family Ct Act article 10 neglect proceeding resulted in Family Court finding that respondent neglected the child ostensibly based, in part, upon her repeated attempts to influence the child to make false allegations of abuse against petitioner. In August 2003, legal and physical custody of the child was granted to petitioner in an order that incorporated a stipulation and consent order that afforded respondent visitation subject to the terms and conditions of the article 10 proceeding and the approval of the Chemung County Department of Social Services (hereinafter DSS). As a result, respondent was permitted two hours of weekly visitation supervised by DSS. In June 2004, DSS informed Family Court that it did not want to continue its supervisory role past August 2004, the expiration date of the underlying order of supervision.

Petitioner commenced this proceeding requesting that visits between respondent and the child continue to be supervised. While the petition was pending, the child had unsupervised visits with respondent and, in October 2004, Barbara Frawley, an acquaintance of respondent, reported petitioner to the child abuse hotline. That complaint was investigated and closed as unfounded. At the ensuing hearing on the petition, the child's therapist testified that the child had revealed that respondent

directed her to keep secrets from petitioner, and that the child had overheard respondent and Frawley discussing ways "to get" petitioner. The therapist and Law Guardian favored supervised visitation. Family Court granted the petition and directed that respondent have four hours of supervised visits on weekends and two hours of supervised visits on a weeknight. Respondent appeals.

We affirm. The best interest of the child is the overriding concern in disputes involving custody and visitation (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Matter of Fraczek v Syczyk*, 12 AD3d 973, 975 [2004]). While our authority on review is "as broad as that of Family Court, we nonetheless afford deference to Family Court's opportunity to assess witness credibility and 'will not disturb those findings unless they lack a sound and substantial basis in the record'" (*Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005], quoting *Matter of De Losh v De Losh*, 235 AD2d 851, 853 [1997], *lv denied* 89 NY2d 813 [1997]). Here, Family Court observed the "enormous history of [respondent] in constantly accusing [petitioner] of wrongdoing," found respondent and Frawley were not credible witnesses, expressed concern that respondent repeatedly attempted to use the child to her advantage against petitioner, indicated apprehension for the child's well-being because of such repeated conduct by respondent, and concluded that it was in her best interest not to be left unsupervised during visitation with respondent. Upon review of the record, we are satisfied that Family Court's determination that supervised visits are in the child's best interest is supported by a sound and substantial basis (*see Matter of St. Pierre v Burrows*, 14 AD3d 889, 891 [2005]; *Matter of Scialdo v Kernan*, 14 AD3d 813, 815 [2005]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.