■ In the Matter of WENDY Q., Respondent, v RICHARD Q., Appellant. [828 NYS2d 606]—

Carpinello, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered June 7, 2005, which, inter alia, partially dismissed respondent's cross application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

The parties, who are still married but have been separated for a number of years, are the parents of four children (born between 1995 and 2002). Pursuant to a 2004 order, petitioner (hereinafter the mother) had been granted sole custody of the children (*but see Matter of Elijah Q.*, 36 AD3d 974 [2007] [decided herewith]) and respondent (hereinafter the father) had been granted visitation two evenings during the week, eight hours every other Saturday and two hours every other Sunday. This proceeding was commenced by the mother seeking supervised visitation. The father cross-petitioned for sole custody or, in the alternative, modification of his visitation schedule to reflect, among other things, his new work schedule. Following a hearing, Family Court denied the mother's request for supervised visitation and the father's request for sole custody. The court did, however, modify visitation by eliminating the evening and alternative Sunday visitation but including visitation every Saturday for nine hours. The father appeals.

The determination of Family Court, which observed and heard the witnesses' testimony, is entitled to great deference and will not be disturbed unless it lacks a sound and substantial basis in the record (*see e.g. Matter of Vickery v Vickery*, 28 AD3d 833, 834 [2006]; *Matter of Engwer v Engwer*, 307 AD2d 504, 505 [2003]; *Matter of Pearson v Parks*, 306 AD2d 580, 581 [2003]). Here, the parties' testimony was sufficient to support Family Court's determination that a change in circumstances warranted the slight modification in the father's visitation schedule and that such modification was in the best interests of the children (*see Matter of Engwer v Engwer, supra*).* The father himself requested that his evening visitation be eliminated due to his increased work hours. The decision to also eliminate the few hours he saw the children every other Sunday in favor of additional hours every Saturday was premised on the parties' antagonistic relationship with each other and the court's finding, appropriate in our view, that "less exchanges will be better for the children."

We have considered the parties' remaining contentions, including the argument that the instant appeal is moot, and are unpersuaded.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The schedule change resulted in a net loss of two hours of visitation per week.