■ In the Matter of ROLLAND BURGHART, Appellant, v STARLA REED, Respondent. (And Another Related Proceeding.) [847 NYS2d 748]—

Rose, J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered December 29, 2005, which partially granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child born in 1999. As the result of one or more prior court orders, which are referred to but not included in the record, the mother was granted custody, with the father apparently having visitation on alternate Mondays and Tuesdays and every Thursday. By petition dated June 6, 2005, which is included only in the mother's appendix, the father sought increased visitation. Following an initial appearance, the father filed two further petitions, one alleging violation of his visitation rights and the other denominated as seeking custody "until [the mother] finishes an anger manage-

ment course." At the subsequent hearing, however, it became clear that, despite the intervening petitions, the father was seeking only three overnight visits per week with the child. Family Court found that the increased visitation sought by petitioner would not be in the child's best interest and its order granted him overnight visitation only on alternate Fridays in addition to the existing periods of visitation on alternate Mondays and Tuesdays. The father appeals and we affirm.

The father argues, as he did at trial, that he should be granted overnight visitation three days per week because it would be better for the child to be with him on the early mornings when the mother is at work rather than with the mother's boyfriend. The testimony at trial, however, supports Family Court's findings that the father's judgment continued to be poor as reflected by his recently having left the child alone and unannounced at the mother's doorstep at a time when no one was home, his living situation was questionable due to the presence of drug paraphernalia and accessible medications in his home, and the child's routine would be too disrupted if she were to stay with the father three nights per week. Inasmuch as these findings have a sound and substantial basis in the record, we will not disturb the court's determination that it was in the child's best interest to continue to limit overnight visitation (see Matter of Wendy Q. v Richard Q., 36 AD3d 1000, 1001 [2007]; Matter of Peet v Parker, 23 AD3d 940, 941 [2005]).

We also are unpersuaded by the father's contention that Family Court deprived him of his right to counsel by failing to advise him of his rights at the appearance that took place after he filed his intervening petition for temporary custody. Since the record of that appearance indicates that it was quickly adjourned when Family Court learned that the father, while on his way to the court appearance, had dropped the six-year-old child off unattended at the mother's home, we cannot say that Family Court was obligated to advise him of his right to counsel. Three days later, on the adjourned date, it is clear that the father sought modification of visitation and did not pursue his custody petition. Thus, the court was not obligated to advise him of the right to counsel at that time (see Matter of Conklin v Hernandez, 41 AD3d 908, 909 n 2 [2007]; Matter of Edwards v Cade, 33 AD3d 1087, 1088-1089 [2006]).

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.