■ In the Matter of ISAAC Q. and Others, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WENDY Q., Respondent. RICHARD Q., Appellant. [861 NYS2d 465]—

Carpinello, J. Appeal from three orders of the Family Court of Clinton County (Lawliss, J.), entered July 24, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10-A, to continue the placement of respondent's children.

Relevant background concerning the instant neglect proceeding may be found in prior decisions of this Court and will not be repeated at length (see Matter of Wendy Q. v Richard Q., 36 AD3d 1000 [2007]; Matter of Elijah Q., 36 AD3d 974 [2007], lv denied 8 NY3d 809 [2007]). Briefly, respondent and Richard Q. (hereinafter the father) are the parents of four children. The three youngest children are the subject of this neglect proceeding commenced against respondent only. They have been in foster care since February 2006. Since May 2006, the oldest son, who is not a subject of this proceeding, has resided with the father, who himself appears in this proceeding as an interested party. Following a July 2007 permanency hearing, Family Court continued the younger children's placement with the local department of social services and modified the father's visitation from unsupervised to supervised. The father now appeals. We affirm.

"The determination of whether visitation should be supervised is a matter left to Family Court's sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it" (Matter of Taylor v Fry, 47 AD3d 1130, 1131 [2008] [internal quotation marks and citation omitted]). Here, the decision ordering supervised visitation has a sound and substantial basis in the record promoting the younger children's best interests (see e.g. Matter of Boulerice v Heaney, 45 AD3d 1217, 1218 [2007]; Matter of Roe v Roe, 33 AD3d 1152, 1155 [2006]; Matter of Peet v Parker, 23 AD3d 940,

941 [2005]; *Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, 682 [1999], *lv dismissed* 93 NY2d 958 [1999]). The record reveals that the father was not adequately supervising the children during visits or acknowledging and/or addressing serious problems which were taking place, despite intervention and parenting classes. Testimony revealed allegations that the oldest son sexually abused the youngest son during an unsupervised visit and urinated on the belongings of his sisters during other visits. One daughter was particularly anxious around the oldest son such that she would dig at her own skin. There was also evidence that the children were not receiving proper nutrition during unsupervised visits. These circumstances compel the conclusion that supervised visitation was required to safeguard the children's emotional and physical well-being.

The parties' remaining contention has been rendered academic.

Cardona, P.J., Peters, Rose and Malone Jr., JJ., concur. Ordered that the orders are affirmed, without costs.