(September 10, 2009)

■ In the Matter of REGINALD Q. et al., Respondents, v RICHARD Q., Appellant, and CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [884 NYS2d 659]—

Mercure, J.P. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered June 3, 2008, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject children.

This appeal is the latest in a long line involving the care and custody of the subject children and their two siblings (see e.g. Matter of Isaac Q., 53 AD3d 731 [2008]; Matter of Wendy Q. v Richard Q., 36 AD3d 1000 [2007]; Matter of Elijah Q., 36 AD3d 974 [2007], lv denied 8 NY3d 809 [2007]). Upon the most recent appeal by respondent Richard Q. (hereinafter respondent), this Court affirmed a Family Court order that modified his visitation with the subject children from unsupervised to supervised (Matter of Isaac Q., 53 AD3d at 731-732). Pursuant to that order, visitation was limited to weekly supervised visits with the children at the Family Connections facility in the Town of Plattsburgh, Clinton County.

In this proceeding, Family Court granted an application by petitioners, who are respondent's parents and reside in North Carolina, for custody of respondent's daughters. A review of the

record reveals that while respondent did not consent to any continued limitations on visitation, he supported his parents' application for permanent custody of his daughters and stipulated that he was unable to care for them either now or in the foreseeable future. Nonetheless, he requested "reasonable visitation" and, consistent with that request, answered affirmatively at the close of the ensuing hearing when Family Court asked if he "would like some change in" visitation. The court then modified the prior order to permit respondent four hours of visitation per day with his daughters and to provide that petitioners, rather than employees of Family Connections, may supervise visitation. Respondent now appeals, challenging Family Court's decision insofar as the court limited visitation to four hours a day and directed that visitation continue to be supervised.

The change in custody of the subject children and their concomitant relocation to North Carolina to reside with respondent's parents rendered the details of the prior visitation order unworkable and, therefore, Family Court properly concluded that modifications thereto were required (*see Matter of Wisloh-Silverman v Dono*, 39 AD3d 555, 556-557 [2007]; *Aziz v Aziz*, 8 AD3d 596, 597 [2004], *lv dismissed* 7 NY3d 739 [2006]; *see also Matter of Fitzgerald v Fitzgerald*, 68 AD2d 996, 997 [1979]). Mindful that Family Court was fully familiar with the history of this case and given the absence of any evidence of a change in the circumstances justifying the limitations originally placed on visitation, we find no basis to disturb Family Court's determination requiring continued supervision and limiting visitation to four hours a day (*see Matter of Rebecca KK.*, 55 AD3d 984, 985-986 [2008]; *Matter of Isaac Q.*, 53 AD3d at 732). We note that although respondent was represented by counsel, he made no request for a separate plenary hearing related to visitation; nor did he indicate that he wished to submit further proof, or call or cross-examine any witnesses regarding visitation. To the extent that respondent is now dissatisfied with the continuing limits on visitation with his daughters, his remedy is to make a proper application for modification and to offer adequate proof to demonstrate that such modification is in the best interests of the children.

Peters, Stein and Garry, JJ., concur.

Malone Jr., J. (dissenting). I respectfully dissent. The issue of visitation with respondent Richard Q. (hereinafter respondent) was not discussed during the hearing on petitioners' custody application until Family Court, sua sponte, raised the issue from the bench after it awarded custody of the children to petition-

ers. Although I agree with the majority's conclusion that the existent visitation schedule was rendered logistically unworkable by Family Court's award of custody to petitioners, Family Court failed to articulate, either in open court or in its written order, how its award of limited supervised visitation to respondent would serve the best interests of the children. While it is true that full evidentiary hearings are not always necessary in situations in which "the information before the court enables it to undertake a comprehensive independent review" of the issue (*Matter of Davies v Davies*, 223 AD2d 884, 886 [1996] [internal quotation marks and citation omitted]; *accord Matter of Hermann v Chakurmanian*, 243 AD2d 1003, 1004 [1997]), there is simply no information in the record here to support a best interests determination. Considering that the record is also insufficient for this Court to independently review the issue, it cannot be said that a hearing on the issue of the children's best interests with respect to visitation was not necessary (*see Matter of Brown v Brown*, 52 AD3d 903, 905 [2008]; *Matter of Howard v Barber*, 47 AD3d 1154, 1155 [2008]; *Matter of Murray v Parisella*, 41 AD3d 902 [2007]). Thus, I would reverse the part of the order that set forth the terms of respondent's visitation and remit the matter to Family Court for a hearing on the issue of the children's best interests.

Ordered that the order is affirmed, without costs.