*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 8, 2015                   518264
_____

In the Matter of ROBERT W.
   HARLOST,
                    Respondent,

        v                                                MEMORANDUM AND ORDER

CHRISTY L. CARDEN,
                    Appellant.

(And Four Other Related Proceedings.)
_____

Calendar Date:   November 12, 2014

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Samuel D. Castellino, Big Flats, for appellant.

        Judith E. Osburn, Binghamton, for respondent.

        Marcy L. Cox, Endwell, attorney for the children.

_____

McCarthy, J.P.

        Appeal from an amended order of the Family Court of Broome
County (Connerton, J.), entered December 23, 2013, which, among
other things, granted petitioner's application, in five
proceedings pursuant to Family Ct Act article 6, for modification
of a prior order of custody and visitation.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of two children (born in
2002 and 2005).  A July 2011 order granted the mother sole legal
custody and primary physical custody, with the father receiving
certain visitation.  In August 2012, the father commenced the

first of these proceedings seeking a modification so that he would receive primary physical custody. Following a hearing on the numerous petitions that were then filed by both parties, Family Court found that the mother had willfully violated the prior order and awarded the father custody, with certain visitation to the mother. The mother appeals.

We affirm. It is undisputed that the father did not receive his court-ordered visitation for approximately three months. Family Court credited the testimony supporting a finding that the visitation did not take place due to the mother's desires and actions, rather than the children's wishes, showing her willingness to place her own interests above those of the children. The record also supports the court's conclusion that the mother undermined the children's relationship with the father and prevented them from seeing him or talking to him on the phone, and that the father would be more likely to foster a positive relationship with the other parent. "Evidence that the custodial parent intentionally interfered with the noncustodial parent's relationship with the [children] is so inconsistent with the best interests of the [children] as to, per se, raise a strong probability that [the offending party] is unfit to act as custodial parent" (Matter of Youngok Lim v Sangbom Lyi, 299 AD2d 763, 764 [2002] [internal quotation marks and citations omitted]; accord Matter of Dobies v Brefka, 83 AD3d 1148, 1151 [2011]). Giving deference to the court's credibility determinations, the record contains a sound and substantial basis to support the order transferring custody to the father (see Matter of Greene v Robarge, 104 AD3d 1073, 1075-1077 [2013]; Matter of Dobies v Brefka, 83 AD3d at 1149-1151; Matter of Passero v Giordano, 53 AD3d 802, 803-804 [2008]).

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the amended order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court