Matter of Anthony JJ. v Joanna KK. (2020 NY Slip Op 02220)





Matter of Anthony JJ. v Joanna KK.


2020 NY Slip Op 02220


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

528115

[*1]In the Matter of Anthony JJ., Respondent,
v
Joanna KK., Appellant. (And Another Related Proceeding.)

Calendar Date: February 10, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Cliff Gordon, Monticello, for appellant.
Peter W. Green, Middletown, for respondent.
Marcia Heller, Rock Hill, attorney for the children.



Reynolds Fitzgerald, J.
Appeal from an amended order of the Family Court of Sullivan County (Meddaugh, J.), entered December 12, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2006) and a son (born in 2010). A 2016 Family Court order awarded sole legal custody of the children to the mother and scheduled parenting time to the father on alternate weekends and granted him telephone contact. In December 2017, the father filed a modification petition seeking sole legal custody of the children. Following fact-finding and Lincoln hearings, Family Court found that the mother's persistent conduct in personally making and in prompting mandated reporters to make hotline calls was "sufficiently egregious" to warrant a change in custody and modified the prior order by directing that the father shall be awarded sole legal custody of the children, with the mother receiving parenting time on alternate weekends and telephone contact. The mother appeals.
"[A] parent seeking to modify a prior order of custody
. . . must first demonstrate that a change in circumstances has occurred since the entry thereof to warrant a review of the children's best interests" (Matter of Fiacco v Fiacco, 158 AD3d 1011, 112 [2018]; see Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1038 [2018]). "[A]ssuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child[ren]'s continued best interests" (Matter of Crystal F. v Ian G., 145 AD3d 1379, 1380 [2016] [internal quotation marks and citations omitted]).
The father sustained his burden of demonstrating a change in circumstances. The record reflects the mother's pattern of making numerous unfounded neglect and abuse reports against the father to Child Protective Services. During the past two years, at least 19 reports were made either directly by the mother, or at the mother's behest from allegations provided by her to the children's doctors, their therapist, school social workers and other mandated reporters, including the police, Mobile Mental Health, the mother's therapist and her counselor (see Matter of Eck v Eck, 57 AD3d 1243, 1244 [2008]; Matter of Peet v Parker, 23 AD3d 940, 941 [2005]); all reports were unfounded. The children and the father were subjected to intrusive investigations, especially the children who, as a result of these reports, were constantly taken out of class to be interviewed by caseworkers. The record reflects ample evidence confirming a change in circumstances based upon the mother's interference with the father's relationship with the children, coupled with her ongoing harassment of the father (see Matter of Crystal F. v Ian G., 145 AD3d at 1381-1382).
As the requisite change in circumstances has been established, the inquiry turns to what custodial arrangement is in the children's best interests.[FN1] Factors considered in making this determination are "maintaining stability for the child[ren], the respective home environments, length of the current custody arrangement, each parent's relative fitness and past parenting performance, and each parent's willingness to foster a healthy relationship with the other parent" (Matter of Tracey L. v Corey M., 151 AD3d 1209, 1211 [2017] [internal quotation marks, brackets and citations omitted]).
The evidence adduced at the fact-finding hearings shows that the father has a stable home environment and that his wife has played, and presumably will continue to play, an active role in the children's lives. The father has a close relationship with the children despite the repeated investigations, is willing to communicate with the mother to provide information related to the children's health and education, is flexible with the children's schedule and will provide additional parenting time to the mother, and is willing to encourage a relationship between the mother and the children. Conversely, the record reveals that the mother was only willing to communicate with the father through limited text messages, she cannot co-parent with the father and, on numerous occasions, she took the children to her place of employment for up to six hours. Perhaps of most concern is the mother's stated intention to continue to explore other ways to report allegations against the father. There is ample evidence reflecting the mother's overall pattern of placing her own interests above the children (see Matter of Durgala v Batrony, 154 AD3d 1115, 1117 [2017]). The mother's intentional interference with the father's relationship with the children is "so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent" (Matter of Harlost v Carden, 124 AD3d 968, 968 [2015] [internal quotation marks, brackets and citations omitted]). Given these circumstances, and according due deference to Family Court's credibility determinations, we find that a sound and substantial basis exists in the record to support the court's conclusion that it is in the children's best interests to award the father sole custody (see Matter of Hensley v DeMun, 163 AD3d 1100, 1102 [2018]; Matter of Faber v Overbaugh, 156 AD3d 1144, 1146-1147 [2017]).
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED the amended order is affirmed, without costs.



Footnotes

Footnote 1: Although not dispositive (see Hassan v Barakat, 171 AD3d 1371, 1373 [2019]), we note that the attorney for the children argued in Family Court that an award of sole custody to the father was in the children's best interests. The attorney for the children maintains the same position on appeal.