Matter of Damaris C. v Juan O. (2023 NY Slip Op 00026)

Matter of Damaris C. v Juan O.

2023 NY Slip Op 00026

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Docket No. V45617/15 Appeal No. 17029 Case No. 2022-00484 

[*1]In the Matter of Damaris C., Petitioner-Respondent,
v
Juan O., Respondent-Appellant.

George E. Reed, Jr. White Plains, for appellant.
Andrew J. Baer, New York, for respondent.

Order, Family Court, New York County (Stephanie Schwartz, J.), entered on or about January 7, 2022, which granted petitioner mother's petition for visitation with the subject child, unanimously affirmed, without costs.
There is a sound and substantial basis for the court's determination that the best interest of the child would be served by monthly therapeutic visitations with the mother, provided that the child be encouraged but not forced to attend (see Matter of Frank M. v Donna W., 44 AD3d 495, 495-496 [1st Dept 2007]; see also Matter of Ronald C. v Sherry B., 144 AD3d 545, 546 [1st Dept 2016], lv dismissed 29 NY3d 965 [2017]). The court-appointed forensic psychologist's testimony indicated that the father and paternal grandmother had engaged in conduct that led to the child feeling alienated from the mother, and he opined that the mother could be gradually reintroduced into the child's life with therapeutic support for all the parties. Although there was evidence that, years prior, the mother had been emotionally volatile and had threatened the father with a knife in the child's presence, the court gave appropriate weight to the findings of the court-appointed forensic psychologist, who observed that the mother had shown a capacity for insight into her past behavior and a willingness to take steps to control her anger and frustration (see Matter of Alfredo J.T. v Jodi D., 120 AD3d 1138, 1138-1139 [1st Dept 2014]). While the child had consistently expressed that she did not want visitations with the mother, the record indicated that her negative views of the mother were reinforced by her father and grandmother, and there was no evidence that she would suffer any physical or emotional harm by visits (see Matter of Ronald C., 144 AD3d at 547).
The court providently exercised its discretion in rendering its determination without a full evidentiary hearing. Contrary to the father's contention, the court did not make a determination under the "adequate relevant information" standard (S.L. v J.R., 27 NY3d 558, 563-564 [2016]). Rather, the order was based on evidence presented at a hearing, which was delayed as a result of pandemic restrictions on court appearances (see Matter of Saymone N. v Joshua A., 202 AD3d 507, 508 [1st Dept 2022]), and after submission of summations by the parties, who made no request to submit further evidence or testimony and raised no objections to the procedure (see Matter of Reginald Q. v Richard Q., 65 AD3d 1396, 1397 [3d Dept 2009]). In any event, the court possessed
sufficient uncontested information to render an informed determination consistent with the best interest of the child (see Matter of Khalia R.R. v Evans D., 188 AD3d 544, 544-545 [1st Dept 2020]).
We have considered appellants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023