Matter of Brandon QQ. v Shelby QQ. (2023 NY Slip Op 02354)

Matter of Brandon QQ. v Shelby QQ.

2023 NY Slip Op 02354

Decided on May 4, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 4, 2023

533165
[*1]In the Matter of Brandon QQ., Appellant,
v
Shelby QQ., Respondent. (And Another Related Proceeding.)

Calendar Date:March 27, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Legal Aid Society of Mid-New York, Inc., Utica (Linda B. Lark of counsel), for respondent.
Karen R. Crandall, Schenectady, attorney for the child.

Clark, J.P.
Appeal from an order of the Family Court of Fulton County (J. Gerard McAuliffe Jr., J.) entered March 25, 2021, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in January 2020). In September 2020, the father commenced a proceeding seeking sole legal and primary physical custody of the child, alleging that the mother was mentally unstable. The mother cross-petitioned the same day, seeking sole legal and primary physical custody and alleging that the father was abusive and that his work schedule caused him to be unavailable to care for the child. Later that month, she amended her petition to allege that the father had denied her all contact with the child. After a fact-finding hearing,[FN1] Family Court granted the parties joint legal custody, with primary physical custody to the mother and a schedule of parenting time to the father. The father appeals.
Initially, we reject the mother's argument that the instant appeal has been rendered moot by a June 2022 order entered on consent. That subsequent order was the result of a negotiated resolution by the parties, and the resulting order does not affect the terms of custody or parenting time. Rather, the June 2022 order only modifies specific terms of the order on appeal, and the remaining terms "remain in full force and effect." Because the parties' rights "will be directly and immediately impacted by the determination of this appeal, the appeal is not moot" (Matter of Hannah MM. v Elizabeth NN., 151 AD3d 1193, 1194 [3d Dept 2017]; see Matter of Linda UU. v Dana VV., 212 AD3d 906, 907 [3d Dept 2023]; Matter of Christopher Y. v Sheila Z., 173 AD3d 1396, 1397 [3d Dept 2019]).
Turning to the merits, "[w]hen rendering an initial custody determination, the paramount consideration for Family Court is determining the best interests of the child," which requires courts to "consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Christopher L. v Paula L., 212 AD3d 1060, 1061 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of Davis v Church, 162 AD3d 1160, 1161 [3d Dept 2018], lvs denied 32 NY3d 905 [2018], 32 NY3d 906 [2018]). Family Court's factual findings and credibility determinations are entitled to great deference and "will not be disturbed if they have a sound and substantial basis in the record" (Matter of Richard GG. v M. Carolyn GG., 169 AD3d 1169, 1171 [3d Dept 2019]; see Matter of Brett J. v Julie [*2]K., 209 AD3d 1141, 1143 [3d Dept 2022]).
The father argues that Family Court's decision to award the mother primary physical custody lacks a sound and substantial basis in the record.[FN2] We disagree. Family Court correctly found that the parties had an acrimonious relationship and they argued in the child's presence often, causing the father's stepmother, with whom the parents resided, to step in to remove the child from the situation. The testimony showed that the mother admitted that on one occasion in September 2020, while the father was at work, she sent the father text messages threatening to attempt suicide. During her testimony, the mother explained that her mental health was severely affected by the father's physical, mental and emotional abuse. Although the father testified that the mother often yelled and threw things at him, Family Court credited the mother's testimony — which was supported by photographic evidence that was undisputed by the father — and the court properly considered such domestic violence in its best interests analysis (see Domestic Relations Law § 240 [1] [a]).
Further, the credible proof established that the father denied the mother access to the child for nearly two months, and the mother provided a plethora of messages where she requested visits, video calls or photographs of the child. With one exception following the first court appearance — where the father permitted her a video call — the father either ignored the mother's requests or told her to stop messaging. The father admitted to such conduct, explaining that he was concerned about the child's safety due to the mother's suicide threat. However, such assertion is undermined by his admission that, immediately following said threat, he kicked the mother out of the home and did not object to the child leaving with her. He also provided no explanation as to how video calls or photographs would present any harm to the child. Such intentional interference with the mother's relationship with the child is "so inconsistent with the best interests of the child[ ] as to, per se, raise a strong probability that the [father] is unfit to act as a custodial parent" (Matter of Anthony JJ. v Joanna KK., 182 AD3d 743, 745 [3d Dept 2020] [internal quotation marks and citations omitted]; see Hassan v Barakat, 171 AD3d 1371, 1375 [3d Dept 2019]; Matter of Harlost v Carden, 124 AD3d 968, 968 [3d Dept 2015]). By contrast, the mother agreed to keep the father informed of the child's medical progress and to facilitate video calls between the father and the child during her parenting time. Considering the father's interference, the domestic violence and the parties' respective work schedules, and deferring to Family Court's credibility findings, its order is supported by a sound and substantial basis (see Matter of Williams v Rolf, 144 AD3d 1409, 1413-1414 [3d Dept 2016]; Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1349-1350 [3d Dept 2014], lv dismissed & denied 24 NY3d 937 [[*3]2014]).
Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Due to the child's tender age, Family Court did not conduct a Lincoln hearing.

Footnote 2: The mother and the attorney for the child argue that Family Court's determination was reached after proper consideration of the evidence.