Matter of James EE. v Vanessa EE. (2024 NY Slip Op 03109)

Matter of James EE. v Vanessa EE.

2024 NY Slip Op 03109

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

CV-22-2190
[*1]In the Matter of James EE., Appellant,
v
Vanessa EE., Respondent. (Proceeding No. 1.)
In the Matter of Vanessa EE., Respondent,
v
James EE., Appellant. (Proceeding No. 2.) (And Two Other Related Proceedings.)

Calendar Date:April 29, 2024

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Lisa K. Miller, McGraw, for respondent.
Larisa Obolensky, Bovina Center, attorney for the children.

Clark, J.
Appeal from an order of the Family Court of Otsego County (John F. Lambert, J.), entered November 17, 2022, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the parties' children.
James EE. (hereinafter the father) and Vanessa EE. (hereinafter the mother) are the parents of two children (born in 2016 and 2018). In July 2022, the father filed a petition seeking custody of the children, alleging that the mother's substance abuse issues prevented her from properly caring for them. In August and September 2022, the mother filed her own petitions seeking custody of the children, denying the father's allegations and alleging that the father was verbally and mentally abusive and had been denying her access to the children. Following a fact-finding hearing and a Lincoln hearing with the children, Family Court granted the mother sole legal and primary physical custody of the children, with the father having parenting time every other weekend. The father appeals.[FN1]
"In an initial custody determination, Family Court's paramount consideration is the best interests of the children," which requires the consideration of factors such as "the quality of the parents' respective home environments, the need for stability in the children's lives, each parent's willingness to promote a positive relationship between the children and the other parent and each parent's past performance, relative fitness and ability to provide for the children's intellectual and emotional development and overall well-being" (Matter of William Z. v Kimberly Z., 212 AD3d 1036, 1037-1038 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of Christopher L. v Paula L., 212 AD3d 1060, 1061 [3d Dept 2023]). "Although joint legal custody is an aspirational goal in every custody matter, joint legal custody may not be feasible or appropriate in cases where the parents are unable to effectively and directly communicate with one another to care for the child[ren]'s needs" (Matter of Brenna EE. v Andrew DD., 214 AD3d 1039, 1040 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Stephen G. v Lara H., 139 AD3d 1131, 1132 [3d Dept 2016], lv denied 27 NY3d 1187 [2016]). "Family Court's factual findings and credibility determinations are entitled to great deference and will not be disturbed if they have a sound and substantial basis in the record" (Matter of Brandon QQ. v Shelby QQ., 216 AD3d 1212, 1213 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Darnell R. v Katie Q., 195 AD3d 1083, 1084 [3d Dept 2021]).
Here, the parents resided together with the children and their maternal half sister until July 2022, when the mother and the half sister left the marital residence and moved in with the maternal grandparents; according to the mother, the father did not allow her to take the subject children with her. Family Court credited the [*2]mother's testimony that the father subjected her to emotional and psychological abuse throughout the relationship, and that the children were sometimes present during that abuse. The court also found that, during the pendency of the proceedings, the father limited the mother's contact with the children and spoke negatively about her to them. The parents' ability to communicate with each other was severely hampered by the father's demeanor. The father had also developed an antagonistic relationship with the children's school officials, causing him to be banned from the premises of the younger child's school. The father recognized that the younger child, who is autistic and nonverbal, needed physical, occupational and speech therapy, yet admitted that as of the October 25, 2022 hearing, the child had attended zero school days since that school year began.[FN2] The father also admitted that the older child had not been attending after-school speech therapy, explaining that the school was required to provide that service during school hours. The mother recognized the importance of these services for the children's development and, based on services that the half sister began receiving in her new school district, believed that the children would obtain the needed services if they relocated to her district. The mother was employed as a receptionist at a veterinarian's office, and she testified that her employer agreed to modify her work schedule to allow her to be available for the children. The father was unemployed and received Social Security disability benefits.
In view of the foregoing, we disagree with the father's contention that Family Court erred in awarding the mother sole legal and primary physical custody of the subject children. The record is clear that the parents are unable to communicate with each other. These difficulties are further augmented by the father's unwillingness to facilitate the mother's contact with the children and by his failure to prioritize the children's educational and developmental well-being. Deferring to Family Court's credibility determinations, we find that the award of sole legal custody to the mother is in the best interests of the children and supported by a sound and substantial basis in the record (see Matter of John EE. v Jalyssa GG., 222 AD3d 1219, 1221-1222 [3d Dept 2023]; Matter of John M. v Tashina N., 218 AD3d 935, 937 [3d Dept 2023]; compare Matter of Christina E. v Clifford F., 200 AD3d 1111, 1112-1113 [3d Dept 2021]). As to physical custody, each parent resided in a safe and suitable home and was able to financially provide for the children's needs. While the mother recognized the father's importance in the children's lives and was willing to foster that relationship, the father would denigrate the mother to the children and limit her contact with them — behaviors that raise a strong probability that he is unfit to be a custodial parent (see Matter of Anthony JJ. v Joanna KK., 182 AD3d 743, 745-746 [3d [*3]Dept 2020]; Matter of Harlost v Carden, 124 AD3d 968, 968 [3d Dept 2015]). Additionally, the father demonstrated that he was incapable of providing for the children's educational needs; even where the father's proffered explanations may have had a legal justification, his inflexible stance resulted in the children foregoing services that both parents agreed the children needed. Under these circumstances, Family Court's award of primary physical custody to the mother is supported by a sound and substantial basis in the record (see Matter of Brandon QQ. v Shelby QQ., 216 AD3d at 1214; Matter of Christopher L. v Paula L., 212 AD3d at 1061-1062; Matter of Anthony JJ. v Joanna KK., 182 AD3d at 745-746).[FN3]
The father's remaining contentions have been examined, and we find them to lack merit.
Garry, P.J., Egan Jr., Lynch and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The father raises no arguments regarding Family Court's dismissal of a family offense petition that he filed against the mother; as such, he has abandoned any challenge thereto (see Matter of Barrett LL. v Melissa MM., 224 AD3d 942, 942-943 [3d Dept 2024]; Matter of Jeffrey VV. v Angela VV., 176 AD3d 1413, 1414 n [3d Dept 2019]).

Footnote 2: The father correctly observed that, because the younger child was only four years old, school attendance was not compulsory (see Education Law § 3205 [1]).

Footnote 3: The attorney for the children submitted a brief supporting affirmance of Family Court's order.