Matter of Kyle I. v Kandice K. (2024 NY Slip Op 05853)

Matter of Kyle I. v Kandice K.

2024 NY Slip Op 05853

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

CV-23-0705
[*1]In the Matter of Kyle I., Respondent, et al., Petitioner,
v
Kandice K., Appellant.

Calendar Date:October 17, 2024

Before:Garry, P.J., Egan Jr., Aarons, Lynch and Ceresia, JJ.

Lisa K. Miller, McGraw, for appellant.
Jonathan L. Becker, Cooperstown, for respondent.
Tracy A. Donovan Laughlin, Cherry Valley, attorney for the child.

Lynch, J.
Appeal from an order of the Family Court of Delaware County (Gary A. Rosa, J.), entered March 30, 2023, which, among other things, granted petitioners' application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.
Petitioner Kyle I. (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of the subject child (born in 2020). On November 20, 2020 — when the child was approximately one month old — the father and petitioner June J. (hereinafter the paternal grandmother) filed a petition seeking joint legal and physical custody. The petition alleged that the mother had untreated mental health issues posing a risk to the child, had physically assaulted the father in the child's presence and was abusing prescription drugs. That same day, Family Court (Northrup Jr., J.) issued a temporary order awarding petitioners joint legal and physical custody of the child pending further proceedings and granted the mother parenting time "as the parties may agree."
In October 2021, the mother's application for a set parenting time schedule was denied. During the course of the ensuing fact-finding hearing, a consent order was issued in October 2022, granting the mother supervised parenting time at the paternal grandmother's home pursuant to a set schedule. Family Court also ordered a Family Ct Act § 1034 investigation at the request of the attorney for the child (hereinafter AFC), which culminated in an indicated report against the mother. At the conclusion of the fact-finding hearing in March 2023, Family Court awarded the father sole legal and physical custody of the child [FN1] and granted the mother a graduated parenting time schedule culminating in alternate Saturdays from 10:00 a.m. to 6:00 p.m. "in either a public or private place" and as further agreed by the parties. The mother appeals.
Initially, the mother's arguments directed at the temporary orders are moot, for these orders were superseded by the March 2023 final custody order (see Matter of Lisa F. v Thomas E., 211 AD3d 1367, 1368 [3d Dept 2022]). Turning to the merits, "[t]he dispositive inquiry in an initial custody determination is the best interests of the child" (Matter of Megan UU. v Phillip UU., 193 AD3d 1287, 1288 [3d Dept 2021]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Cody O. v Maya P., 227 AD3d 1196, 1196 [3d Dept 2024]), which requires an evaluation of factors such as "maintaining stability in the child's life, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each party's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Barrett LL. v Melissa MM., 224 AD3d 942, 943 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 905 [2024]). "This Court accords great deference to Family Court's factual findings and credibility determinations[*2]. . . and will not disturb its custodial determination if supported by a sound and substantial basis in the record" (Matter of Daniel XX. v Heather WW., 180 AD3d 1166, 1167 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]).
Deferring to Family Court's credibility determinations, we conclude that the award of sole legal and physical custody to the father is supported by a sound and substantial basis in the record.[FN2] The evidence established that the father has been the child's primary custodian for virtually all of her life, has provided a stable and loving home environment, has attended to the child's needs, is employed and has the significant support of the paternal grandmother (see Matter of Anthony JJ. v Joanna KK., 182 AD3d 743, 745 [3d Dept 2020]). Correspondingly, there was testimony suggesting that the mother had seen the child only once since the commencement of this proceeding in November 2020 — a fact Family Court understandably found "[m]ost distressing" — was less equipped to provide a stable home environment and had engaged in violent behavior in the presence of her infant child (see id.).
Given the hearing evidence regarding the mother's minimal involvement in the child's life and ongoing concerns about the supervision of the older children in her care, we conclude that the parenting time schedule fashioned by Family Court — which does not provide for overnight parenting time — has a sound and substantial basis in the record (see Matter of Autumn B. v Jasmine A., 220 AD3d 1073, 1077 [3d Dept 2023], lv denied 41 NY3d 901 [2024]; Matter of David v Roseline W., 217 AD3d at 1114; Matter of Anthony JJ. v Joanna KK., 182 AD3d at 745; Matter of Troy SS. v Judy UU., 69 AD3d 1128, 1133 [3d Dept 2010], lv dismissed & denied 14 NY3d 912 [2010]). In light of the passage of time and the lack of a record regarding any posthearing developments, the mother's requests for further modifications of the parenting time schedule are more appropriately raised in a petition filed in Family Court (see generally Matter of Steven OO. v Amber PP., 227 AD3d 1154, 1158 [3d Dept 2024]).
We also find the mother's ineffective assistance of counsel claim to be unavailing.[FN3] "To successfully maintain an ineffective assistance of counsel claim, a party must demonstrate that he or she was deprived of meaningful representation as a result of his or her lawyer's deficiencies" (Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1010 [3d Dept 2018] [internal quotation marks and citations omitted]; accord Matter of Jacklyn PP. v Jonathan QQ., 221 AD3d 1293, 1298 [3d Dept 2023]). "Counsel's representation need not be perfect and, as it is not the role of this Court to second-guess counsel's trial strategy or tactics, a party seeking to prevail on an ineffective assistance of counsel claim must do something more than engage in hindsight speculation as to the viability of counsel's strategy" (Matter of Audreanna VV. v Nancy WW., 158 AD3d at 1010-1011[*3][internal quotation marks and citations omitted]).
Along with other asserted deficiencies, the mother faults counsel for allegedly failing to obtain documentation to support her claims that she had contacted the father about exercising her parenting time and missed certain visits with the child due to extenuating circumstances. She also claims that counsel was deficient for failing to obtain documentation from her mental health providers and from the child protective services caseworkers involved in the child welfare proceeding pertaining to her older children. The mother's assertion that such records would have been beneficial to her case is speculative (see Matter of Jacklyn PP. v Jonathan QQ., 221 AD3d at 1298; Matter of Troy SS. v Judy UU., 69 AD3d at 1134). "In the absence of sufficient proof to the contrary, the [alleged] failure to [obtain] these records may well have been a tactical decision" (Matter of Audreanna VV. v Nancy WW., 158 AD3d at 1011 [citations omitted]). Although counsel did not make an opening or closing statement and did not call any witnesses on the mother's behalf, he cross-examined the father and the paternal grandmother, engaged in motion practice, and offered into evidence the February 23, 2022 order issued by Family Court in Broome County awarding the mother joint custody of her two older children, as well as photographs of her apartment. On this record, we cannot conclude that the mother was deprived of meaningful representation (see Matter of Jacklyn PP. v Jonathan QQ., 221 AD3d at 1298).
Garry, P.J., Egan Jr., Aarons and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Although the petition sought an order naming the paternal grandmother as the primary residential custodian, the father's attorney confirmed during the fact-finding hearing that he was actually seeking primary physical custody and the paternal grandmother supported this request.

Footnote 2: The AFC supports the award of custody in the father's favor (see Matter of David V. v Roseline W., 217 AD3d 1112, 1113 n [3d Dept 2023], lv denied 40 NY3d 905 [2023]).

Footnote 3: In January 2023, the mother wrote a letter to Family Court requesting new counsel, claiming that her attorney was not returning her calls. Family Court denied her request that same day.