■ In the Matter of CORTINA LAWARE, Respondent, v ANTHONY BALDWIN, Appellant. [839 NYS2d 618]—

Rose, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered September 11, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Based upon the parties' consent to an order in 2005, Family Court granted them joint legal custody of their two children (born in 2000 and 2004), with physical placement with petitioner (hereinafter the mother) and visitation with respondent (hereinafter the father) every Wednesday and alternate weekends. In May 2006, the mother filed a modification petition seeking to have the father's visitation supervised. Although Family Court did not fully credit the mother's testimony at the fact-finding hearing due to her obvious animosity towards the father, it nonetheless accepted her testimony in finding that he had abused illegal and prescription drugs. Based on this finding, Family Court issued an order directing the father to complete a substance abuse evaluation, comply with any treatment recommendations, be subject to periodic reporting regarding his compliance, and refrain from the use of alcohol and illegal drugs. The court then went on to eliminate his Wednesday visits and reduce his alternate weekend visitation by eliminating overnight stays. The father appeals.

An existing custody arrangement may be modified "upon a showing that there has been a subsequent change of circumstances and modification is required" to ensure the best interests of the children (Family Ct Act § 467 [b] [ii]; *see e.g. Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]). According due deference to Family Court's credibility determinations, there is sufficient support for the court's finding of a change of circumstances warranting a modification

of the prior order (*see Matter of Sheavlier v Melendrez,* 296 AD2d 622, 623-624 [2002]; *Matter of Markey v Bederian,* 274 AD2d 816, 817-818 [2000]; *cf. Matter of Witherow v Bloomingdale,* 40 AD3d 1203, 1204 [2007]). Accordingly, we agree that the substance abuse provisions ordered by Family Court were warranted.

We cannot agree, however, with Family Court's determination to substantially reduce the children's visitation with the father. "The denial of visitation to a noncustodial parent is a drastic remedy which may be ordered only in the presence of compelling reasons and substantial evidence that such visitations are detrimental to the child's welfare" (*Matter of McCauliffe v Peace,* 176 AD2d 382, 383-384 [1991] [citations omitted]; *see Matter of McCrone v Parker,* 265 AD2d 757, 758 [1999]). The best interests of the child are paramount in any custody or visitation determination (*see Matter of Eck v Eck,* 33 AD3d 1082, 1083 [2006]), and Family Court's decision here fails to explicitly consider the relevant factors in assessing those interests (*see e.g. id.; Matter of Smith v Miller,* 4 AD3d 697, 698-699 [2004]). In addition, the court made no finding as to what potential harm the children will avoid through reduced visitation or that the father's conduct exposed, or will expose, them to a risk of harm. To the contrary, there is no evidentiary basis for the conclusion that a modification of the father's visitation was required to ensure that his drug use would not adversely affect his children. Inasmuch as this record fails to provide a sound and substantial basis to support a reduction of the existing arrangements for visitation, Family Court's order must be modified accordingly (*see Matter of Ahmad v Naviwala,* 306 AD2d 588, 590-591 [2003], *lv dismissed* 100 NY2d 615 [2003]).

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as discontinued visitation between the parties' children and respondent on Wednesdays and eliminated overnight visitation on alternate weekends; matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision, and, pending further proceedings, the original pattern of visitation between the children and respondent shall be restored; and, as so modified, affirmed.