■ In the Matter of ANNE-MARIE K. PARKER, Appellant, v PAUL M. PARKER, Respondent. (And Four Other Related Proceedings.) [890 NYS2d 680]—

---

Garry, J.

The parties were divorced in 2004. Under the terms of a prior custody order that was incorporated into and modified by the divorce judgment, they were granted joint legal custody of their two children, a daughter born in 1992, and a son born in 1998. Principal physical custody was granted to petitioner (hereinafter the mother) with scheduled visitation with both children for respondent (hereinafter the father). In January 2008, Family Court entered an order that, among other things, modified the father's visitation to provide that, in view of the daughter's age, his visitation with her would take place according to her desires. The order continued the father's scheduled visitation with the son and attached thereto was a document entitled "Bill of Rights for Children whose Parents are Separated." The order provided that interference with the rights specified therein could result, after a hearing, in modification, suspension or termination of custody or visitation.

In June 2008, the mother filed a petition for enforcement of the January 2008 order, alleging multiple violations of the bill of rights by the father. The father subsequently filed four petitions seeking enforcement and modification of his rights of visitation. Following a fact-finding hearing and a *Lincoln* hearing with each of the children, Family Court dismissed the mother's petition and granted the father's request for modification by establishing a new and more detailed visitation schedule. The order further directed the mother to provide the father with a written schedule of the son's activities as soon as they were known to her and specifically provided that the father had the right to communicate with officials at the children's schools, attend school events, and receive copies of school reports and documents. The mother now appeals, contending that the father's visitation should have been terminated.

Family Court determined that the mother's claims were not sufficiently supported by the evidence, and we agree. The court's factual findings are to be accorded great deference and are not

to be disturbed when, as here, they are supported by a sound and substantial basis in the record (*see Matter of Siler v Wright,* 64 AD3d 926, 928 [2009]; *Matter of Christian F.,* 42 AD3d 716, 717 [2007]). Further, the mother's petition did not seek modification or termination of the father's visitation (*see Matter of Hover v Shear,* 232 AD2d 749, 750 [1996], *lv dismissed and denied* 89 NY2d 964 [1997]). In any event, denial of visitation is a " 'drastic remedy which may be ordered only in the presence of compelling reasons and substantial evidence that such visitations are detrimental to the child's welfare' " (*Matter of Laware v Baldwin,* 42 AD3d 696, 697 [2007], quoting *Matter of McCauliffe v Peace,* 176 AD2d 382, 383-384 [1991]; *see Matter of Jones v McMore,* 37 AD3d 1031, 1032 [2007]). The record here offers no support for such a finding, but instead reveals that the son's contact with his father is in his best interest. Unfortunately, there is also ample evidence to support the court's admonishment that the parents have been using their children as weapons in their battles, and that the children are paying a severe price for their parents' animosity and failure to communicate. However, this harm cannot be diminished by denying the son time shared with his father.

Mercure, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.