# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1001**
**CAF 14-00267**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF CHEREE N. CREEK,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JACOB M. DIETZ, RESPONDENT-APPELLANT.

---

DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR RESPONDENT-APPELLANT.

KATHLEEN M. MCDONALD, DEPEW, FOR PETITIONER-RESPONDENT.

JAMES A. KREUZER, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Brenda M. Freedman, R.), entered December 30, 2013 in a proceeding pursuant to Family Court Act article 6. The order directed that respondent's visitation with the subject child be supervised.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order modifying the existing custody and visitation order by, inter alia, directing that he have supervised visitation with the parties' child. Based on the record before us, we conclude that the Referee properly determined that petitioner mother "established a sufficient change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child" (*Matter of Rice v Cole*, 125 AD3d 1466, 1467 [internal quotation marks omitted]; *see Matter of Vieira v Huff*, 83 AD3d 1520, 1521). The mother established that the father, who had a long history of substance abuse problems, was again using various illegal drugs, including cocaine, heroin and marihuana (*see Matter of Laware v Baldwin*, 42 AD3d 696, 696; *Matter of Brady v Schermerhorn*, 25 AD3d 1037, 1038). Indeed, the father admitted that he had used illegal drugs only a few weeks before the hearing on the mother's petition (*see Matter of LaFountain v Gabay*, 69 AD3d 994, 995). The mother also established that the father had demonstrated behavioral changes consistent with his behavior during prior periods of time in which he had been using illegal substances, such as missing visitation with the child for extended periods of time.

It is well settled that a determination "regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled

to great weight and will not be set aside unless it lacks an evidentiary basis in the record, i.e., is not supported by a sound and substantial basis in the record" (*Matter of Rulinsky v West*, 107 AD3d 1507, 1509 [internal quotation marks omitted]; *see Matter of Van Court v Wadsworth*, 122 AD3d 1339, 1340, *lv denied* 24 NY3d 916).  Here, the Referee made specific findings concerning the potential harm the child faced if the father were to have unsupervised visitation (*cf. Laware*, 42 AD3d at 697), and we conclude that the Referee's "determination to impose supervised visitation is supported by the requisite sound and substantial basis in the record" (*Rice*, 125 AD3d at 1467 [internal quotation marks omitted]).

Entered:  October 2, 2015                        Frances E. Cafarell
                                                 Clerk of the Court