*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    519526
_____

JARED CC.,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

MARCIE DD.,
                    Appellant.

(And Three Other Related Proceedings.)
_____

Calendar Date:  February 18, 2016

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        Law Office of Ronald R. Benjamin, Binghamton (Ronald R.
Benjamin of counsel), for appellant.

        Pomeroy, Armstrong, Casullo & Monty, LLP, Cortland
(Victoria J. Monty of counsel), for respondent.

        Pamela B. Bleiwas, Ithaca, attorney for the child.

_____

Rose, J.

        Appeal from an order of the Supreme Court (Campbell, J.),
entered July 14, 2014 in Cortland County, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, for custody of the parties'
child.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the unwed parents of a child (born
in 2010).  In July 2011, the parties ended their relationship and
informally agreed to share custody of the child, with the mother

serving as her primary caretaker.  The informal custody arrangement continued, apparently without incident, until April 2013, when the father began cohabiting with his then-girlfriend, who is now his wife (hereinafter the wife).  From that point forward, the parties' ability to communicate deteriorated rapidly.  Their difficulties culminated on September 19, 2013, when the mother sent the wife a series of threatening, profanity-laced text messages, which were apparently touched off by the wife's refusal to give the child sugary soda, and ultimately resulted in criminal charges being filed against the mother.  That same night, and for multiple days thereafter, the father received from the mother a series of equally vitriolic and profane telephone calls and text messages.

On September 26, 2013, the father filed in Family Court a family offense petition against the mother, which resulted in the issuance of a temporary order of protection in favor of the father.  That proceeding was transferred to Supreme Court, where the father, in November 2013, commenced an additional proceeding seeking custody of the child, which he was granted on a temporary basis.  Within days of the father's petition, the mother filed an answer and cross-petitioned for custody.  Subsequently, a fact-finding hearing was held to resolve the various issues in the parties' petitions, including the permanent custody of the child.  Following a three-day hearing, Supreme Court issued an order that, among other things, granted sole custody of the child to the father and limited supervised visitation to the mother.  The mother now appeals, and we affirm.

Supreme Court thoroughly examined the evidence in this case and, upon our own independent review of the record, we fully agree with the court's comprehensive and well-founded determination that awarding sole custody to the father is in the child's best interests (see Matter of Lawton v Lawton, 136 AD3d 1168, 1169-1170 [2016]; Matter of Rosetta BB. v Joseph DD., 125 AD3d 1205, 1206 [2015]).  Despite the mother's attempt to characterize her violently threatening and vulgar September 2013 communications with the wife and the father as isolated incidents, the record makes clear that the mother has a history of untreated anger issues and has been prone to violent outbursts for much of her life.  While the use of foul language, without

more, may not warrant the denial of custody (see Matter of Meyer v Lerche, 24 AD3d 976, 977 [2005]), the court noted several examples of how the child's repeated exposure to the mother's violent temper has negatively impacted the child's emotional and psychological well-being (see Matter of Goldsmith v Goldsmith, 50 AD3d 1190, 1192 [2008]; Matter of Studenroth v Phillips, 230 AD2d 247, 251 [1997]; Matter of Conklin v Rogers, 103 AD2d 895, 895 [1984]).  Moreover, the fact that much of the mother's hostility was directed at the father "reflects her unwillingness to promote and encourage a relationship between the father and the child" (Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1350 [2014], lv dismissed and denied 24 NY3d 937 [2014]).

Aside from the mother's anger issues, Supreme Court had an ample basis to further conclude that the father should be awarded sole custody due to the mother's gross irresponsibility regarding the child's oral hygiene (see Munson v Lippman, 2 AD3d 1252, 1253 [2003]; Matter of Studenroth v Phillips, 230 AD2d at 251).  While the mother was the child's primary caretaker, she allowed the child to consume excessive amounts of soda, which caused the child to suffer severe tooth decay and abscesses that will require extensive oral surgery.  The mother's claims that she rarely gave the child soda and never took the child to a dentist because the father would not pay for it are flatly contradicted by documentary evidence in the record.  Finally, we will not disturb Family Court's decision to limit the mother's contact with the child to supervised visitation, inasmuch as "[the mother's] inability to control [her] anger in the presence of [her] daughter is detrimental to the child's best interest[s]" (Matter of Simpson v Simrell, 296 AD2d 621, 621-622 [2002]).

Peters, P.J., Garry and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court