## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 29, 2016                    522403
_____

In the Matter of CRYSTAL F.,
                    Appellant,

        v

IAN G.,
                    Respondent.

(Proceeding No. 1.)
_____        MEMORANDUM AND ORDER

In the Matter of IAN G.,
                    Respondent,

        v

CRYSTAL F.,
                    Appellant.

(Proceeding No. 2.)

(And Two Other Related Proceedings.)
_____


Calendar Date:  November 15, 2016

Before:  Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.

                    _____


        Alena E. Van Tull, Binghamton, for appellant.

        Jessica C. Eggleston, Johnson City (Ian M. Richards of counsel), for respondent.

        Pamela Gee, Big Flats, attorney for the child.


                    _____

Egan Jr., J.

Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered December 9, 2015, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.

Crystal F. (hereinafter the mother) and Ian G. (hereinafter the father) are the parents of a son (born in 2013). In April 2014, the parties apparently entered into what is characterized as an extensive stipulation regarding custody of and visitation with the subject child. Although that stipulation is not included in the record on appeal, the mother confirmed that she had primary physical placement of the child "since the original order was issued." By order dated July 3, 2014, Family Court modified the parties' stipulation by granting the father visitation with the child every Saturday from 12:00 p.m. until 6:00 p.m., together with such "further visitations as the parties may agree."

Approximately one year later, the mother commenced the first of these proceedings seeking enforcement of Family Court's July 2014 order – contending that the father was refusing to participate in his scheduled visitations with the child. In response, the father filed a modification petition seeking "full custody" of the child – claiming that the mother was interfering with his visitation rights and making false accusations against him to law enforcement.[1] Thereafter, in September 2015, the mother filed what she denominated as a modification petition seeking a court order prohibiting the father's alleged girlfriend from having any contact with the child, and the father filed a petition seeking to enforce his visitation rights and alleging that the mother had denied him access to the child.

---

[1] According to the father, the child resided with him from November 2014 until May 2015, and the mother and her child from another relationship also resided in the father's home from February 2015 to May 2015.

These matters proceeded to a combined hearing in December 2015, at which the mother, the father and a local deputy sheriff appeared and testified. At the conclusion thereof, Family Court issued a bench decision (subsequently reduced to a written order), wherein it granted the parties joint legal custody and, as to physical custody, "split it right down the middle" — awarding the mother and the father alternating physical custody of the child on a weekly basis. As to the father's enforcement petition, which Family Court treated as a violation petition, the court concluded that the violation had been sustained, but declined to impose any sanction with respect thereto. This appeal by the mother ensued.

The mother initially contends that the father failed to demonstrate a change in circumstances warranting modification of the July 2014 order. We disagree. "A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (Matter of Austin v Smith, 144 AD3d 1467, ___, 2016 NY Slip Op 07906, *1-2 [2016] [internal quotation marks and citations omitted]; see Matter of Hamilton v Anderson, 143 AD3d 1086, 1088 [2016]). Although "Family Court failed to make any express findings relative to the alleged change in circumstances[,] . . . this Court's authority is as broad as that of Family Court and we may review the record and make an independent determination as to whether the father made the requisite showing" (Matter of Joseph Q. v Jessica R., 144 AD3d 1421, ___, 2016 NY Slip Op 07888, *1 [2016]).

Here, the July 2014 order granted the father visitation with the child each Saturday from 12:00 p.m. to 6:00 p.m., and the father testified that he was seeking primary physical placement of the child because the mother was not abiding by the visitation schedule. Specifically, the father testified that, as of the December 2015 hearing, he had not seen his child since September 12, 2015. According to the father, the mother made various false allegations against him, causing law enforcement to

come to his house "every week," and harassed him at his place of employment.  As a result of the mother's behavior, the father testified, he was hesitant to contact her to pursue his visitation rights — especially after local law enforcement officials allegedly refused to accompany him to pick up the child for visitations and advised him to stay away from the mother altogether pending the hearing before Family Court.  The mother did not dispute that the father last saw the child in September 2015, but asserted that she attempted to contact the father after that date to arrange visitations — only to have the father ignore her inquiries.  The mother further testified that the father rarely exercised his Saturday visitation rights — contending that "he had better things to do."  Finally, both the mother and the father testified as to an incident that occurred at a local mini mart in June 2015, as a result of which the father was arrested and charged with harassment.  A local deputy sheriff testified, however, that the harassment charge was dismissed after he reviewed the video surveillance tape at the scene, which did not support the mother's version of what had transpired, and recommended that the charge against the father be dropped. Family Court denied the mother's motion to dismiss at the close of the father's proof, citing "alienation" and crediting the father's testimony that the mother had interfered with his visitation rights.[2]

Granting deference to Family Court's credibility determinations (see Matter of Holleran v Faucett, 143 AD3d 1205, 1206 [2016]), we find that the mother's interference with the father's visitation rights, together with her ongoing harassment of the father, satisfied the father's threshold burden of establishing a change in circumstances (see e.g. Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014]; Matter of Timothy N. v Gwendolyn N., 92 AD3d 1155, 1157 [2012]).  That said, we agree with the mother that Family Court's resulting modification of the custodial arrangement is not supported by a sound and substantial basis in the record.

---

[2] Family Court appears to have completely discounted the mother's testimony, finding that it was exaggerated "almost to the point . . . of absurdity."

"In determining what modification of an existing custody
order, if any, would best promote a child's interests, courts
consider, among other factors, the child's need for stability,
the parents' respective home environments, the length of the
existing custody arrangement, past parenting performances and
each parent's relative fitness, willingness to foster a positive
relationship with the other parent and ability to provide for the
child's intellectual and emotional development" (Matter of Angela
N. v Guy O., 144 AD3d 1343, ___, 2016 NY Slip Op 07728, *2 [2016]
[citations omitted]; see Matter of Andrew L. v Michelle M., 140
AD3d 1240, 1241 [2016]).  While "an award of joint custody is an
aspirational goal in every custody matter, such an award is not
feasible where . . . the parties' relationship and history
evidences an inability to work and communicate with one another
in a cooperative fashion" (Matter of DiMele v Hosie, 118 AD3d
1176, 1177 [2014] [internal quotation marks and citations
omitted]; see Funaro v Funaro, 141 AD3d 893, 894-895 [2016]).

Here, the scanty record before us[3] is insufficient to
permit this Court to conclude that the custodial arrangement
fashioned by Family Court is in the child's best interests.  As a
starting point, although the record indeed demonstrates that the
mother and the father have an on-again/off-again relationship, as
well as a contentious and litigious history with one another, the
record is silent as to the parties' willingness and/or ability to
put their apparent animus for one another aside and work together
in a cooperative fashion for the benefit of their young child.
Hence, it is impossible to ascertain at this juncture whether
joint legal custody is feasible here.  Similarly, although the
record reflects that each parent is gainfully employed, no
testimony was adduced as to, among other things, the parties'
individual living situations, the composition of their respective
households, the availability of day-care providers to care for
the child while the parents were at work, the existence of
extended family in the area, each parent's financial resources,
plans for preschool or ability to provide health insurance for
the child or, as noted previously, each parent's willingness to

---

[3]  The hearing transcript contains less than 45 pages of
actual testimony.

effectively co-parent and foster a meaningful relationship between the child and the other parent.  Absent such proof, Family Court's decision to "split [custody] right down the middle" cannot stand.  Accordingly, Family Court's order is modified to that extent, and this matter is remitted to Family Court for a comprehensive hearing and decision on the father's modification petition.  Pending completion of that hearing (or the parties' amicable resolution of the contested custody and visitation issues) and entry of a subsequent order, the existing custodial arrangement — whereby the parties enjoy joint legal custody and alternating weekly physical custody of the child — shall remain in place.  The mother's remaining contentions, including her assertion that she was denied due process and/or the effective assistance of counsel, have been examined and found to be lacking in merit.

Garry, J.P., Devine, Clark and Mulvey, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as awarded the parties joint legal and shared physical custody of the minor child; matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court