■ In the Matter of JOHNNY P. SMITH, JR., Petitioner, v JUDY L. McMILLER, Appellant. [52 NYS3d 512]—

McCarthy, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered December 22, 2015, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2006). In July 2008, upon the consent of the parties, Family Court ordered that they share joint legal custody of the child with primary physical custody granted to the mother and the father having visitation, among other times, for three hours, three

evenings per week and overnight visitation every other weekend. In July 2015, the mother filed a violation petition against the father alleging that the father would not return the child following his visitation.* The father answered the petition, denying the allegations, and filed a petition for sole custody alleging, among other things, that the mother kicked the child out of her residence. Following a fact-finding hearing and a *Lincoln* hearing with the child, Family Court modified the custody order, granting the father primary physical custody of the child and the mother visitation for, among other times, three hours, three evenings per week and overnight visitation every other weekend. The mother now appeals.

"[T]he party petitioning to modify a custody order bears the burden of demonstrating first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (*Matter of Thomas FF. v Jennifer GG.*, 143 AD3d 1207, 1208 [2016]; *see Matter of Crystal F. v Ian G.*, 145 AD3d 1379, 1380 [2016]). Where, as here, Family Court does not make an express finding as to whether a change in circumstances has occurred, this Court has "the authority to independently review the record to determine whether such circumstances existed" (*Matter of Rohde v Rohde*, 135 AD3d 1011, 1012-1013 [2016]; *see Matter of Crystal F. v Ian G.*, 145 AD3d at 1380-1381). Generally, "[e]vidence that the parties' relationship has deteriorated to the point where they are incapable of working together in a cooperative fashion for the good of their child will be sufficient to establish the requisite change in circumstances" (*Matter of Colleen GG. v Richard HH.*, 135 AD3d 1005, 1007 [2016]; *see Matter of Andrea C. v David B.*, 146 AD3d 1104, 1106 [2017]). An inquiry into the best interests of the child "involves the examination of several factors, including the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child and foster a relationship with the other parent" (*Matter of Blagg v Downey*, 132 AD3d 1078, 1079 [2015] [internal quotation marks, brackets and citations omitted]; *see Matter of Robert Q. v Miranda Q.*, 138 AD3d 1174, 1176 [2016]).

An abundance of evidence established that, since the 2008 order, the parties' ability to communicate regarding the child had deteriorated so that they are no longer able to work together in a cooperative fashion for the good of the child. More specifically, Family Court credited the evidence in the record establishing that, in the previous year, the mother had at-

---

* The mother subsequently withdrew her petition.

tempted to severely limit or eliminate her contact with the father, primarily by having her husband communicate with the father and meet him for exchanges of the child. The father testified that, as a result of such breakdown, he is unaware of the schedule for special education meetings and medical appointments for the child. Moreover, a variety of evidence, including the mother's testimony, established that the mother had recently abruptly contacted the father to inform him that the child had expressed a desire to go live with him. The mother acknowledged that she left the child with the impression that the child was going to go live with the father when the father thereafter came to her house and picked up the child. Nonetheless, days later, the mother walked to the father's house to demand the child's return. After the child was taken inside the father's house in an attempt to distance him from that confrontation, and according to the mother, she called out to the child telling him it was time to come home with her. More generally, while both parties have made efforts to support the child and his needs, the evidence establishes that the father is willing to move to the child's school district and that he is committed to keeping the mother informed about the child.

The deterioration of the parties' relationship and its effects on the parties' abilities to work together for the good of the child provide the requisite change in circumstances (see Matter of Richard Y. v Vanessa Z., 146 AD3d 1050, 1050-1051 [2017]; Matter of Angela N. v Guy O., 144 AD3d 1343, 1345 [2016]). Moreover, deferring to Family Court's credibility determinations, the evidence that the father is more capable of providing stability in the child's life and will better foster a relationship between the child and the mother provides a sound and substantial basis for Family Court's custody and visitation determination (see Matter of Smithey v McAbier, 144 AD3d 1425, 1426 [2016]; Matter of Basden v Faison, 141 AD3d 910, 911 [2016]).

Garry, Rose, Mulvey and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.