Matter of Perry v Leblanc (2018 NY Slip Op 01232)





Matter of Perry v Leblanc


2018 NY Slip Op 01232


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

524570

[*1]In the Matter of ASHLEY E. PERRY, Respondent,
v
GREGORY M. LEBLANC, Appellant. (And Three Other Related Proceedings.)

Calendar Date: January 12, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Harlem & Jervis Law Firm, Oneonta (Eric V. Jervis of counsel), for respondent.
Rosemarie Richards, South New Berlin, attorney for the child.




MEMORANDUM AND ORDER
Pritzker
, J.
Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered November 28, 2016, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in
2009). A February 2016 consent order granted the parties, among other things, joint legal custody, with primary physical custody to the mother and specified visitation to the father pursuant to a schedule that fluctuates based upon whether the child's school is in session. When the child is in school, the father is to have visitation every Wednesday after school until 6:00 p.m. and every other weekend from Friday after school until Sunday at 6:00 p.m. When school is out of session, the father's visitation is expanded from Tuesday through Thursday at 3:00 p.m. and every other weekend from Friday to Monday.
In June 2016, the mother filed a modification petition and two violation petitions, seeking, among other things, to eliminate the father's midweek visitation upon allegations that he willfully violated the February 2016 order by consistently returning the child late. The father followed with a violation petition of his own. A fact-finding hearing was held on the respective [*2]petitions over the course of two days. Following the hearing, Family Court found the father to be in willful violation of the February 2016 order, ordered him to serve 15 days in the local correctional facility and terminated his midweek visitation [FN1]. The father now appeals.[FN2]
The mother, as the party seeking modification of the February 2016 order, bears the initial burden of showing a change in circumstances since entry thereof, and, upon satisfying this burden, she must then demonstrate that modification is in the child's best interests (see Matter of Williams v Williams, 151 AD3d 1307, 1308 [2017]; Matter of Smith v McMiller, 149 AD3d 1186, 1187 [2017]). Family Court is afforded broad discretion in fashioning an appropriate visitation schedule that promotes the child's best interests, and we will not disturb its determination unless it lacks a sound and substantial basis in the record (see Matter of Williams v Williams, 151 AD3d at 1308-1309; Matter of Jennifer G. v Benjamin H., 84 AD3d 1433, 1434 [2011]).
The testimony at the hearing revealed that the father was consistently late, anywhere between 15 minutes to an hour, in dropping the child off while exercising his midweek visitation. The mother also testified that, on many of these occasions, the child's homework was incomplete and the child had not been bathed or fed dinner. The mother's testimony also revealed that the father was consistently late, sometimes even up to two hours, in returning the child after weekend visitations. Although the father conceded that he was late in dropping the child off on numerous occasions, he refuted the mother's contention that he failed to adequately feed the child or to help facilitate getting the child's homework done. He also indicated that the parties agreed that the mother would be responsible for feeding the child dinner and putting the child to bed on Wednesdays, revealing that they originally agreed that his visitation would continue until 8:00 p.m. on Wednesdays but then shortened this time frame to provide the mother sufficient time to get the child ready for school the next day. The mother also described an alleged violation in June 2016 in which the father kept the child in his care from Wednesday to Monday, prompting her to file a police report. Although the mother characterized the father's actions in this respect as being a willful violation of the February 2016 order, she indicated that it was based, at least in part, upon the parties' disagreement about how the terms of the order operate when the child is out of school.
Although Family Court concluded that there was a change in circumstances warranting a review of the child's best interests, it did not articulate the basis of its finding. Nevertheless, we exercise our independent review power (see Matter of Woodrow v Arnold, 149 AD3d 1354, 1356 [2017]; Matter of Crystal F. v Ian G., 145 AD3d 1379, 1380-1381 [2016]) and conclude that the parties' tense relationship, their inability to effectively communicate with respect to the visitation schedule and the father's failure to comply with certain portions of the February 2016 order constitute the requisite change in circumstances (cf. Matter of Emmanuel SS. v Thera SS., [*3]152 AD3d 900, 901 [2017], lv denied 30 NY3d 905 [2017]; Matter of Rutland v O'Brien, 143 AD3d 1060, 1061 [2016]).
Turning to the best interests analysis, we find that Family Court's determination to eliminate the father's midweek visitation lacks a sound and substantial basis in the record. Visitation with a noncustodial parent is presumed to be in a child's best interests and, because the denial of visitation is a drastic remedy, it may be ordered "only in the presence of compelling reasons and substantial evidence that such visitations are detrimental to the child's welfare" (Matter of Laware v Baldwin, 42 AD3d 696, 697 [2007] [internal quotation marks and citation omitted]; see Matter of Brown v Erbstoesser, 85 AD3d 1497, 1499 [2011]). Although the father was consistently late when returning the child, the testimony reveals that many of these delays were less than an hour in duration and, while the child's homework was often incomplete on these occasions, there is no evidence demonstrating that this had a detrimental impact on the child's ability to progress in school. In fact, completely devoid from the record is any evidence demonstrating that the father's actions led to a deterioration of the child's mental or educational well-being (see Matter of Brown v Erbstoesser, 85 AD3d at 1499; compare Matter of Knox v Romano, 137 AD3d 1530, 1532 [2016]). As the paramount concern in any custody or visitation determination is the best interests of the child (see Matter of Laware v Baldwin, 42 AD3d at 697), where, as here, the child shares a close relationship with the father and we can discern no impact to the child as a result of the father's actions, we cannot conclude that eliminating the father's midweek visitation benefits the child rather than being more convenient for the mother (see id.; Matter of Le Clair v McDonald, 26 AD3d 691, 691-692 [2006]). Accordingly, Family Court's order must be modified accordingly.
Garry, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as eliminated respondent's midweek visitation, and, as so modified, affirmed.



Footnotes

Footnote 1: The sentence was suspended so long as the father did not continue to violate Family Court's order.

Footnote 2: The father does not challenge Family Court's determination that he willfully violated the February 2016 order, focusing instead on its decision to terminate his midweek visitation. In the absence of an argument with respect to the violation finding, the father has abandoned any argument with respect thereto (see Matter of Raychelle J. v Kendell K., 121 AD3d 1206, 1207 n 2 [2014]).