Matter of Boisvenue v Gamboa (2018 NY Slip Op 08211)





Matter of Boisvenue v Gamboa


2018 NY Slip Op 08211


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

524710

[*1]In the Matter of THOMAS BOISVENUE, Appellant,
v
ERIKA GAMBOA, Respondent.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Ann Flower E. Seyse, Saratoga Springs, for respondent.
Mireille R. Nitti, Saratoga Springs, attorney for the child.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Family Court of Warren County (Kershko, J.), entered March 2, 2017, which, in a proceeding pursuant to Family Ct Act article 6, modified a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2015). Pursuant to a February 2016 order, the mother was granted sole legal and physical custody of the child and the father was granted visitation for three hours every Saturday and Sunday and "as the parties may mutually agree," to take place at the mother's residence. In August 2016, the father filed the subject amended petition to modify the February 2016 order to allow the child to visit his home or locations other than the mother's residence. A temporary order was issued that, among other things, allowed the father supervised visitation and required that he attend counseling for his mental health condition. During trial, the parties discussed stipulating to a settlement on the record based on the temporary order; however, Family Court rejected the stipulation because the father had failed to comply with the requirement in the temporary order that he participate in counseling. After trial, the court, in relevant part, suspended the father's parenting time, with the exception of communication by telephone or electronic means, which the mother had the sole authority to terminate if she deemed it appropriate to do so. The father appeals.
Initially, as found by Family Court and conceded by all parties, there has been a change in circumstances since entry of the February 2016 order, namely, discord between the parties, instances of domestic violence and the issuance of orders of protection that made it impractical for the father to exercise his parenting time at the mother's home. Upon finding the requisite change in circumstances, the court then must determine what is in the best interests of the child (see Matter of Beers v Beers, 163 AD3d 1197, 1198 [2018]; Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1038-1039 [2018]).
"Visitation with a noncustodial parent is presumed to be in a child's best interests and, because the denial of visitation is a drastic remedy, it may be ordered 'only in the presence of compelling reasons and substantial evidence that such visitations are detrimental to the child's welfare'" (Matter of Perry v Leblanc, 158 AD3d 1025, 1027 [2018] [citations omitted], quoting Matter of Laware v Baldwin, 42 AD3d 696, 697 [2007]). Therefore, absent such evidence, "Family Court is required to structure a schedule which results in frequent and regular access by the noncustodial parent" (Matter of Harrell v Fox, 137 AD3d 1352, 1355 [2016] [internal quotation marks and citations omitted]). This Court "accord[s] great deference to Family Court's factual findings and credibility determinations . . . and will not disturb its custodial determination if supported by a sound and substantial basis in the record" (Matter of Daniel TT. V Diana TT., 127 AD3d 1514, 1515 [2015]; see Matter of Anson v Anson, 20 AD3d 603, 604 [2005], lv denied 5 NY3d 711 [2005]).
Testimony at the hearing revealed that the father had missed parenting time and, when he did exercise his parenting time, he was often distracted by both his phone and his continued attempts to engage the mother. The maternal grandmother testified that she believes that the father had good intentions, but believes his mental health to be an issue, explaining that, at times, he has demonstrated a short temper, including during visitations, which would lead to the visitation ending early. The father admitted to cutting short visitation when he argued with the mother. The mother and maternal grandmother also testified that the father abuses drugs and alcohol, but the father has never attended a visit intoxicated or under the influence. The testimony further revealed that the father has a variety of long-existing, serious mental health issues and he has failed to consistently receive treatment or take medication as required, including failing to comply with Family Court's temporary order to attend counseling.
It is undisputed that the father engaged in physical violence and verbal abuse directed at the mother. Although the record demonstrates strong support for a change in circumstances and supervised visitation, the record lacks direct evidence that visitation is detrimental to the child; as such, it is presumed that it is in the child's best interests to continue visitation (see Matter of Perry v Leblanc, 158 AD3d at 1027; Matter of Laware v Baldwin, 42 AD3d at 697). Further, although the mother and maternal grandmother testified regarding concerns about the father's sexual behavior, these concerns were based on hearsay and speculation from vulgar and inappropriate comments made by the father. Concern regarding abuse or potential abuse must have a basis in the record to justify denial of visitation; uncorroborated hearsay alone is not enough (see Matter of Leighann W. v Thomas X., 141 AD3d 876, 879 [2016]). Notably, both the mother and the attorney for the child supported continued supervised visitation [FN1]. Thus, Family Court's determination to terminate visitation lacks a sound and substantial basis in the record (see Matter of Albanese v Albanese, 44 AD3d 1117, 1120 [2007]; see also Keegan v Keegan, 147 AD3d 1417, 1417 [2017]; Matter of Parker v Parker, 68 AD3d 1277, 1279 [2009]).
Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as suspended petitioner's visitation; matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: During trial, the parties discussed stipulating to a settlement that included at least seven hours per week of supervised visitation. Family Court, however, rejected the stipulation because the father had failed to comply with the temporary order requiring him to participate in mental health counseling. It is error to terminate visitation in "response to the father's recalcitrance" (Zafran v Zafran, 28 AD3d 753, 755 [2006]; see Matter of Marchand v Nazzaro, 55 AD3d 968, 969 [2008]).