Matter of Richard CC. v Lacey DD. (2024 NY Slip Op 04421)

Matter of Richard CC. v Lacey DD.

2024 NY Slip Op 04421

Decided on September 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 12, 2024

CV-22-2188
[*1]In the Matter of Richard CC., Appellant,
v
Lacey DD., Respondent. (And Another Related Proceeding.)

Calendar Date:August 15, 2024

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

James P. Youngs, Syracuse, for appellant.
Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for respondent.
Dennis B. Laughlin, Cherry Valley, attorney for the children.

Clark, J.
Appeal from an order of the Family Court of Otsego County (John F. Lambert, J.), entered October 18, 2022, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of two daughters (born in 2009 and 2010). Pursuant to an August 2019 order on consent, the parties shared physical custody with approximately equal periods of parenting time, while the mother was granted sole legal custody and the father retained the ability to communicate with the children's school personnel and medical providers, as well as to access the children's records. That order also required the parent enjoying parenting time to initiate a nightly phone call to the other parent each night between 7:30 p.m. and 8:00 p.m. In February 2022, the father filed a modification petition seeking to have sole legal custody switched to him. He also filed a violation petition alleging that the mother refused to follow the terms of the prior order. Following a joint fact-finding hearing at which both parents testified, Family Court found, based on the mother's admission, that she violated the August 2019 order by failing to initiate the nightly calls specified in said order. The court further found that the father had also failed to initiate those nightly calls. Due to this mutual failure, the court reasoned that the father had established a change in circumstances but that the best interests of the children were served by continuing the prior order. Family Court thus granted the father's violation petition, dismissed his modification petition and admonished the mother to follow the terms of the prior order. The father appeals.
Initially, the parties pose no challenge to Family Court's finding that a change in circumstances was established, and we agree that threshold burden was satisfied by the parties' failure to initiate the nightly calls pursuant to the August 2019 order (see e.g. Matter of Kanya J. v Christopher K., 175 AD3d 760, 762 [3d Dept 2019], lvs denied 34 NY3d 905 [2019], 34 NY3d 906 [2019]; Matter of Romero v Guzman, 158 AD3d 997, 998-999 [3d Dept 2018], lv denied 31 NY3d 908 [2018]). On appeal, the father contends that the mother's failure to initiate the nightly calls and her refusal to consult him on major decisions regarding the children or to keep him apprised of the children's medical appointments sufficed to shift sole legal custody to him, and that Family Court's failure to do so requires reversal.[FN1] Where, as here, "the parents are unable to effectively and directly communicate with one another," sole legal custody is necessary, and our inquiry distills to which parent is better suited to care for the children's needs (Matter of Brenna EE. v Andrew DD., 214 AD3d 1039, 1040 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Christina E. v Clifford [*2]F., 200 AD3d 1111, 1112 [3d Dept 2021]). In reviewing a best interests determination, we consider, among other factors, "maintaining stability in the children's lives, the quality of the respective home environments, the length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development, and the effect the award of custody to one parent would have on the children's relationship with the other parent" (Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1177 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; see Matter of Patricia Y. v Justin X., 219 AD3d 1586, 1587-1588 [3d Dept 2023]). Recognizing that Family Court is in a superior position to observe the parties, we accord great deference to its findings of fact and credibility determinations, and we uphold its determinations unless they lack a sound and substantial basis in the record (see Matter of Adam Q. v Alicia R., 227 AD3d 1193, 1195 [3d Dept 2024]; Matter of Giuseppe V. v Tiffany U., 224 AD3d 1122, 1124 [3d Dept 2024]).
Here, Family Court credited the testimony of both parents. Throughout the hearing, the father expressed frustration with the mother's regular failure to initiate the nightly calls. The mother admitted such failure, explaining that her work schedule prevents her from initiating calls on behalf of the children during the specified time; she further asserted that her requests to the children to answer the father's calls to the home landline have been futile. The mother testified that the father also failed to initiate the nightly calls when the children were in his care. Notably, the father's complaint centered specifically on the nightly calls between 7:30 p.m. and 8:00 p.m., and he admitted that he is not prevented from contacting the children while they are in the mother's care. The record also reveals lasting friction between the parents, and their communication is often limited to text messages and conversations during custodial exchanges. For example, the mother admitted that she does not keep the father apprised of the children's medical appointments, as the prior order does not require her to do so. Indeed, pursuant to the terms of the prior order — which was entered on consent three years earlier — the parties agreed that the father would maintain the independent and unrestricted ability to communicate with the children's school personnel and medical providers and to access their records. Although the father raises a legitimate concern about the mother's failure to consult him on major decisions regarding the children, as required under the prior order, he noted only one such instance, and we are satisfied that Family Court's admonishment requiring the mother to follow the terms of the order appropriately addresses such concern (see e.g. Matter of Parker v Parker, 68 AD3d 1277, 1279 [3d Dept 2009]; Matter [*3]of Taylor v Fry, 63 AD3d 1217, 1220 [3d Dept 2009]; Matter of Terry v Borggreen, 6 AD3d 1001, 1002-1003 [3d Dept 2004]). We thus disagree with the father's assertions that the mother's failure to initiate the nightly calls and the communication issues between the parties required a shift in sole legal custody to him as the record reflects that the mother is well-suited to respond to the children's medical and educational needs as they arise. Deferring to Family Court's credibility determinations and recognizing the importance of maintaining stability in the children's lives, we find no basis upon which to disturb its determination that the children's best interests are served by continuing to grant sole legal custody to the mother (see Matter of James EE. v Vanessa EE., 228 AD3d 1025, 1027-1028 [3d Dept 2024]; Matter of Giuseppe V. v Tiffany U., 224 AD3d at 1126; Matter of Kristen II. v Benjamin JJ., 169 AD3d at 1178).
Garry, P.J., Egan Jr., Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother and the attorney for the children argue in favor of affirmance.